EL TYLER v. THE STATE.

No. 1737. Decided June 28, 1912.

**1.—Murder—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions, the overruling of the application for a continuance and admitting certain testimony can not be considered on appeal.

**2.—Same—Charge of Court—Conspiracy.**

In the absence of evidence to suggest a conspiracy between deceased and others to harm defendant, there was no error in the court's failure to charge on conspiracy.

**3.—Same—Charge of Court—Manslaughter—Self-Defense.**

Where, upon trial of murder, the court submitted proper charges on the law of manslaughter and self-defense as applicable to the evidence, there was no error.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the defendant was convicted of murder in the second degree and the evidence sustained the conviction under a proper charge of the court, there was no error.

Appeal from the District Court of Madison. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Carl T. Harper,* for appellant.—On the question of the court's charge on manslaughter: Huddleston v. State, 54 Texas Crim. Rep., 93.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at ten years confinement in the penitentiary.

The grounds alleged in the first and fourth grounds of the motion for a new trial, relating to overruling the application for a continuance and admitting certain testimony, can not be considered, no bill of exceptions being reserved, at least none appear in the record.

The fifth ground complains of the failure of the court to charge on conspiracy. There is nothing in the evidence to suggest any conspiracy to do appellant any harm. Appellant admits, if his version is correct, that when the first altercation occurred between him and deceased, the father of deceased, instead of being in a conspiracy to kill him, or do him any harm, caused deceased to leave, and that he then had a pleasant conversation with him.

Appellant complains in the motion for new trial of the charge on manslaughter, claiming, "The court committed material error in omitting to further charge the law of manslaughter—that there was

evidence adduced upon the trial establishing the fact of a former difficulty between the deceased and defendant, and the court should have instructed the jury to consider the facts surrounding and connected with such former difficulty." The court did so instruct the jury, telling them it was their duty to consider all the facts and circumstances in evidence in determining the condition of appellant's mind, at the time of the homicide. Further telling them "that any condition or circumstance which is capable of creating and does create sudden passion such as anger, etc., whether accompanied by bodily pain or not, would be adequate cause." In this case there are no antecedent threats. It appears deceased had heard of a remark alleged to have been made by appellant, and according to appellant's testimony deceased cursed him. Deceased's father made him go to the field. Appellant also left going to his home, and when he got there he armed himself with a shotgun. He testifies he got the shotgun because he was informed there was some stock in the field. He again appeared near the residence of deceased's father, when he says the prior altercation was renewed, and deceased again cursed him, applying to him very vile epithets. He states further that deceased stooped down and picked up a large sized rock and drew it back, starting towards him, when he shot and killed him. He also says that at the time deceased drew back the rock, deceased's father put his hand in his bosom as if to draw a weapon. The court instructed the jury that if it reasonably appeared to defendant that deceased had attacked him with a rock, or had made demonstrations as if he were about to throw a rock, and it reasonably appeared to defendant, viewing it from his standpoint, he was in danger of death or serious bodily injury, he should be acquitted. He also instructed the jury that if the father of deceased had made a demonstration as if to draw a weapon, and it reasonably appeared to defendant that the father and son were acting together, and it reasonably appeared to him that he was in danger of suffering death or serious bodily injury, at the hands of the said father and son, or either of them, he should be acquitted. The charge was as favorable as the evidence justified, in fact, if not more so.

The evidence for the State would have defendant going home getting his gun, returning, raising the difficulty, and after a few words, shot him while deceased was stooping down, with his side toward appellant. The shot did enter his side. This fully supports the verdict of the jury. Defendant would have deceased raising the difficulty, and cursing appellant, although appellant was armed with a shotgun, stooping down and picking up a rock, and drawing back as if to throw it, and this the charge of the court instructs the jury would, if true, justify defendant in slaying deceased. The jury finds against appellant's contention.

The judgment is affirmed.

*Affirmed.*